IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:23-CV-00218 |
| v. | ) ) | COMPLAINT |
| WAL-MART STORES EAST, LP | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This action is filed pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Jekirrea D. Johnson ("Ms. Johnson"), who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Wal-Mart Stores East, LP ("Defendant") violated the ADA when it failed to provide a reasonable accommodation for Ms. Johnson and discharged her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706 (f)(1) and (3) of Title VII of the

1

Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant, a Delaware corporation, operated a chain of hypermarkets, discount department stores, grocery stores, and warehouses in North Carolina, including Walmart Store No. 2256 located at 200 N. Cooper Drive in Henderson, North Carolina (the "Facility").

6. At all relevant times, Defendant has continuously done business in the State of North Carolina and in Vance County, North Carolina and has continuously maintained at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

9. More than thirty (30) days prior to the institution of this lawsuit, Ms. Johnson filed a charge with the Commission alleging violations of the ADA by Defendant.

10. On August 11, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. By letter dated September 1, 2021, the Commission notified Defendant that conciliation had failed.

14. All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF CLAIMS

15. Since at least September 2016, Defendant has engaged in unlawful employment practices at the Facility in violation of § 12112(a) and (b)(5) by failing to provide a reasonable accommodation to Ms. Johnson and terminating her employment because of her disability.

16. Ms. Johnson is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Ms. Johnson has a physical impairment, an epileptic seizure disorder, that substantially limits the major life activity of the operation of her neurological function.

17. During the period from September 2016 until May 23, 2017, Ms. Johnson's disability caused her to experience seizures, periods of unusual behavior or loss of awareness,

unusual sensations, convulsions and at times loss of consciousness. Ms. Johnson takes daily medication to control her epilepsy but the medication does not eliminate the symptoms entirely. After each seizure, Ms. Johnson typically needs at least 24 hours to recover.

18. Ms. Johnson also has learning disabilities that affect her ability to think, learn, and communicate. Ms. Johnson's learning disabilities are sufficiently severe that Ms. Johnson's mother is her legal guardian.

19. On or about July 16, 2016, Defendant hired Ms. Johnson as a cashier at the Facility. On Ms. Johnson's second day of work, Defendant transferred Ms. Johnson to a position where her primary responsibility was to stock the Facility's candy aisles.

20. In or about September 2016, Ms. Johnson was diagnosed with an epileptic seizure disorder. Ms. Johnson continued to work at the Facility despite her diagnosis.

21. On several occasions between January and May 2017, the physical symptoms related to Ms. Johnson's disability required her to seek emergency medical treatment.

22. Beginning in September 2016 and continuing throughout the remainder of her employment, Ms. Johnson kept Defendant apprised of her medical condition, the physical symptoms related to her disability, and her associated medical treatments.

23. Beginning in September 2016 and continuing throughout the remainder of her employment, Ms. Johnson communicated with Defendant each time she needed to be excused from work because of her disability and related necessary treatment.

24. At all relevant times, Ms. Johnson was qualified to perform the essential functions of her job with or without reasonable accommodation.

25. At all relevant times, Ms. Johnson performed her job in a manner that met Defendant's legitimate job performance expectations, including working additional shifts as

requested by Defendant.

## COUNT I:
## Failure to Accommodate in Violation of the ADA

26. The Commission realleges and incorporates by reference allegations set forth in paragraphs 1 through 25 above.

27. From around September 2016 until around May 23, 2017, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), by failing to provide a reasonable accommodation for Ms. Johnson, an individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

28. Around September 2016, after Ms. Johnson was diagnosed with epilepsy, Ms. Johnson's mother notified Ms. Johnson's immediate supervisor ("the Supervisor") of Ms. Johnson's epilepsy diagnosis and medical restrictions. Ms. Johnson's mother also notified the Supervisor that Ms. Johnson may continue to have seizures.

29. When Ms. Johnson's mother notified the Supervisor of Ms. Johnson's disability around September 2016, she provided the Supervisor with a doctor's note detailing Ms. Johnson's diagnosis and medical restrictions and asked that it be placed in Defendant's records of Ms. Johnson's employment with Defendant.

30. The Supervisor took the note but told Ms. Johnson's mother that Defendant did not accept doctor's notes.

31. Ms. Johnson's mother also informed the Supervisor that Ms. Johnson may need to miss work if she had a seizure because Ms. Johnson needed time to recover after a seizure.

32. The Supervisor told Ms. Johnson's mother that she would excuse Ms. Johnson's disability-related absences if Ms. Johnson's mother notified her about the reason for Ms. Johnson's absence.

5

Case 5:23-cv-00218-FL    Document 1    Filed 04/24/23    Page 5 of 11

33. Defendant excusing Ms. Johnson's disability-related absences would have provided Ms. Johnson with a reasonable accommodation to enable Ms. Johnson to perform the essential functions of her job.

34. Providing Ms. Johnson with the reasonable accommodation of excused intermittent absences related to her disability would not have caused an undue hardship for Defendant.

35. On January 18, 2017, Ms. Johnson suffered a massive seizure which required her to be hospitalized for several days and to recuperate for several more days, including through January 22, 2017, when Ms. Johnson was next scheduled to work.

36. Ms. Johnson was unable to work her scheduled shift on January 22, 2017 because of her disability.

37. Before Ms. Johnson's shift on January 22, 2017, Ms. Johnson's mother contacted the Supervisor to inform her that Ms. Johnson would miss her shift because of her disability.

38. During her next scheduled shift, Ms. Johnson provided the Supervisor with a doctor's note to support her January 22, 2017 disability-related absence.

39. Defendant did not excuse Ms. Johnson's January 22, 2017 disability-related absence.

40. On March 11, 2017, Ms. Johnson had a seizure for which she sought medical treatment.

41. Ms. Johnson was unable to work her scheduled shift on March 11, 2017 because of her disability.

42. Prior to her scheduled shift on March 11, 2017, Ms. Johnson's mother contacted the Supervisor to notify her that Ms. Johnson would miss her shift because of her disability.

43. During her next scheduled shift, Ms. Johnson provided the Supervisor with a

doctor's note to show that her March 11, 2017 absence was related to her disability.

44. Defendant did not excuse Ms. Johnson's March 11, 2017 disability-related absence.

45. On or about March 19, 2017, Ms. Johnson had a seizure and was unable to work her scheduled shift.

46. Prior to her scheduled shift on March 19, 2017, Ms. Johnson's mother contacted the Supervisor to notify her that Ms. Johnson would miss her shift because of her disability.

47. Defendant did not excuse Ms. Johnson's March 19, 2017 disability-related absence.

48. On or about May 6, 2017, Ms. Johnson had a seizure and was unable to work her scheduled shift.

49. Prior to her scheduled shift on May 6, 2017, Ms. Johnson's mother contacted the Supervisor to notify her that Ms. Johnson would miss her shift because of her disability.

50. Defendant did not excuse Ms. Johnson's May 6, 2017 disability-related absence.

51. On or about May 21, 2017, Ms. Johnson had a seizure and was unable to work her scheduled shift.

52. Prior to her scheduled shift on May 21, 2017, Ms. Johnson's mother contacted the Supervisor to notify her that Ms. Johnson would miss her shift because of her disability.

53. Defendant did not excuse Ms. Johnson's May 21, 2017 disability-related absence.

54. On or about May 23, 2017, Defendant fired Ms. Johnson for violating its attendance policy despite the fact that the above absences were caused by her disability.

55. Accordingly, Defendant failed to provide a reasonable accommodation to Ms. Johnson, a qualified individual with a disability.

56. Defendant failed to engage in the interactive process with Ms. Johnson.

57. The practices complained of above are unlawful and in violation of the ADA.

58. The practices complained of above have deprived Ms. Johnson of equal employment opportunities and have adversely affected her status as an employee because of her disability.

59. The practices complained of above were intentional.

60. The practices complained of above were conducted with malice or with reckless indifference to the federally protected rights of Ms. Johnson.

61. As a direct and proximate result of Defendant's violation of the ADA, Ms. Johnson suffered actual damages including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotional distress, and loss of enjoyment of life.

## COUNT II:
## Discriminatory Discharge Because of a Disability

62. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 61 above.

63. Defendant engaged in unlawful employment practices at Walmart #2256 in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), by terminating Ms. Johnson's employment because of her disability.

64. On or about May 23, 2017, Defendant discharged Ms. Johnson for accruing more than nine unauthorized absence-related occurrence points during the preceding six-month period in violation of Defendant's Attendance and Punctuality Policy.

65. Specifically, Defendant discharged Ms. Johnson for missing work on December 24, 2016, January 22, 2017, March 11, 2017, March 19, 2017, May 6, 2017, and May 21, 2017, and for being late on two occasions—on November 27, 2016 and February 6, 2017. Under Respondent's policy, a single unauthorized absence can result in more than one occurrence point.

66. Ms. Johnson's absences on January 22, 2017, March 11, 2017, March 19, 2017,

May 6, 2017, and May 21, 2017 occurred because of Ms. Johnson's disability.

67. Contemporaneous to the absences on January 22, 2017, March 11, 2017, March 19, 2017, May 6, 2017, and May 21, 2017, Ms. Johnson's mother informed Defendant that these absences were related to Ms. Johnson's disability.

68. Nevertheless, Defendant discharged Ms. Johnson because of her disability-related absences.

69. The practices complained of above are unlawful and in violation of the ADA.

70. The practices complained of above deprived Ms. Johnson of equal employment opportunities and have otherwise adversely affected her status as an employee because of her disability.

71. The practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Johnson.

72. As a direct and proximate result of Defendant's unlawful conduct, Ms. Johnson suffered actual damages, including but not limited to back pay, front pay, losses in compensation and benefits, humiliation, emotion distress, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in discrimination based on disability, including termination based on disability and failure to provide accommodation to qualified individuals with disabilities, in violation of the ADA.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with a disability, and which

eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to make Jekirrea Johnson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay.

D. Order Defendant to make Jekirrea Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Jekirrea Johnson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including but not limited to, emotional suffering, inconvenience, humiliation, loss of health insurance benefits, loss of enjoyment of life, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay to Jekirrea Johnson punitive damages for its willful, malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such other relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact that arises out of this complaint.

Respectfully submitted this 24th day of April, 2023.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

10

Case 5:23-cv-00218-FL    Document 1    Filed 04/24/23    Page 10 of 11

GWENDOLYN YOUNG REAMS
Acting General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

CHRISTOPHER LAGE
Deputy General Counsel

MELINDA C. DUGAS
Regional Attorney


 **s/ Joshua Kadel**
JOSHUA KADEL
Trial Attorney
Virginia Bar No. 89308
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Richmond Local Office
400 N. 8th Street, Suite 350
Richmond, VA  23219
Telephone: (804) 362-6924
Facsimile: (704) 954-6412
Email: joshua.kadel@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**